IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JUSTIN CODY, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:13-CR-247-SCJ-LTW-1 |
| | :: | |
| | :: | CIVIL ACTION NOS. |
| UNITED STATES OF AMERICA, | :: | 1:16-CV-3928-SCJ-LTW |
|     Respondent. | :: | 1:16-CV-4403-SCJ-LTW |

## FINAL REPORT AND RECOMMENDATION

In 2013, Movant pled guilty, pursuant to a negotiated plea agreement, to theft of government funds and aggravated identity theft. (Docs. 1, 40-1.)[1] On April 30, 2014, the Court sentenced Movant to eighty-seven months' imprisonment and three years' supervised release. (Doc. 66.) Movant did not file an appeal. (Doc. 76 at 1-2.)

On August 22, 2016, Movant, pro se, filed a "JUDICIAL NOTICE" seeking an order clarifying his judgment.[2] (Doc. 70.) Movant argued in that filing that a

---

[1] All citations to the record are to 1:13-cr-247-SCJ-LTW.

[2] A prisoner proceeding pro se is deemed to have filed a document in federal court on the date he gave it to prison officials for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Movant certified that he placed his filing in the prison mailing system on August 22, 2016. (Doc. 70 at 5.)

downward departure was warranted under the U.S. Sentencing Guidelines (the "Guidelines"), but did not clearly state the relief he sought. (*Id.*)

The Court construed Movant's filing as a motion seeking relief under 28 U.S.C. § 2255 given Movant's apparent desire for a lower sentence. (Doc. 75.) The Court warned Movant of the consequences of construing his filing as a § 2255 motion and gave him the option to withdraw it. (*Id.* at 3-5); *see Castro v. United States*, 540 U.S. 375, 383 (2003). The Court also gave Movant the option, if he wished to proceed under § 2255, to present all of his claims on the § 2255 form provided by the Clerk. (Doc. 75 at 3-5.)

In response to the Court's Order, Movant completed the § 2255 form and returned it to the Court, thus indicating that he seeks relief under § 2255. (Doc. 76.) Movant asserted one ground for relief: his lawyer "failed to have the Government to deduct intended loss from the Actual Loss amount resulting in substantive violation." (*Id.* at 4.) In a memorandum attached to his § 2255 motion, Movant appeared to argue that his pre-sentence investigation report contained inaccurate information that affected his sentence and the terms of his imprisonment. (*Id.* at 13-15.) Movant suggested that the loss amount attributed to his crimes was wrong and not consistent with the assets he forfeited to Respondent. (*Id.*)

Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" a § 2255 motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion."[3] Rule 4, § 2255 Proceedings.

It is plainly apparent from Movant's § 2255 motion and the record in this case that Movant is not entitled to relief under § 2255 for at least two reasons. First, his § 2255 motion is untimely. Second, the motion is barred by the appeal waiver in his plea agreement.

A § 2255 motion generally must be filed within one year of the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Movant's judgment of conviction became final in May 2014 because that was the deadline to file an appeal of the judgment and Movant did not file an appeal. *See* Fed. R. App. P. 4(b)(1)(A) (requiring notice of appeal to be filed within fourteen days of entry of

---

[3] District courts may sua sponte dismiss § 2255 motions after affording the parties fair notice. *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006). This Report and Recommendation provides such notice.

judgment). Movant filed his § 2255 motion over two years after his judgment of conviction became final. The motion is thus untimely.[4]

Even if Movant had timely filed his § 2255 motion, the Court still cannot consider Movant's sentencing claim because of the appeal waiver in his plea agreement. Movant

> voluntarily and expressly waive[d] the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Movant] may file a direct appeal of an upward departure or variance above the sentencing guideline range as calculated by the district court.

(Doc. 40-1 at 18-19.) That provision also allowed Movant to file a cross-appeal if Respondent filed an appeal. (*Id.*)

Respondent did not file an appeal, and the Court did not vary or depart upward from the Guidelines range.[5] The appeal waiver in Movant's plea agreement thus bars his § 2255 motion.

---

[4] Movant appears to recognize that fact. (*See* Doc. 76 at 14.) Movant acknowledged that the "one year statute of limitation has run its course" and that whether he "is right or wrong he does not have a vehicle available." (*Id.*)

[5] In fact, the Court granted Respondent's motion for a downward departure, which reduced Movant's sentence below the otherwise applicable Guidelines range. (*See* Docs. 58, 64, 65.)

4

For the foregoing reasons, the undersigned **RECOMMENDS** that Movant's § 2255 motion [70, 76] be **DISMISSED** under Rule 4 of the § 2255 Rules and that civil action numbers 1:16-cv-3928-SCJ-LTW and 1:16-cv-4403-SCJ-LTW be **DISMISSED**. The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED** because Movant has not made a substantial showing that he was denied a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 2 day of December, 2016.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)